UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No: 2:15-cv-56-FtM-29DNF

RICHARD ROUX, YOGENDRA JANI,
and ARJUN JANI,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Richard Roux's Motion to Dismiss (Doc. #39) filed on May 8, 2015. Plaintiff filed a Response in Opposition (Doc. #44) on May 21, 2015.

**I.**

On or about September 1, 2010, plaintiff Allstate Fire and Casualty Insurance Company issued an automobile insurance policy covering a 2001 Dodge Dakota to Yogendra and Dawn Jani (the "Policy"). (Doc. #38, ¶ 24.) The Policy provided bodily injury liability coverage for claims arising out of the ownership or use of the insured auto, with a policy limit of $100,000 for each injured person and $300,000 for each occurrence. (Id. ¶ 25.) The drivers listed on the policy were Yogendra, Dawn, and Arjun Jani. (Doc. #38-1, p. 9.)

On or about September 25, 2010, Arjun Jani was driving the Dodge Dakota east on Babcock Road in Lee County, Florida. (Doc. #38, ¶ 15.) When Arjun Jani attempted to make a left turn into a private driveway, he crossed the westbound lane and collided with a 1999 Harley Davidson motorcycle that was owned and operated by Phillip Baker. (Id. ¶¶ 12, 20.) Phillip Baker sustained fatal injuries as a result of the accident. (Id. ¶ 21.)

Peter Baker, Phillip Baker's son, and defendant Richard Roux, Phillip Baker's friend, were travelling behind Phillip Baker's motorcycle and witnessed the fatal accident. (Id. ¶¶ 18-19, 22-23.) The vehicle in which Roux was travelling was not physically impacted and Roux did not sustain any bodily injury at the time of the accident. (Id.)

As a result of the accident, plaintiff paid $100,000 to the estate of Phillip Baker on September 28, 2010, in settlement of claims against Arjun and Yogendra Jani. (Id. ¶ 26.) Plaintiff paid another $100,000 to Peter Baker on December 13, 2010, in order to settle his claims against Arjun and Yogendra Jani. (Id. ¶ 27.) On March 18, 2013, Roux, through his attorney, demanded that plaintiff tender all available policy limits with regard to the accident on September 25, 2010. (Doc. #38-3.) Roux made two more demands for the policy limits on July 17, 2013, and April 28, 2014. (Doc. #38-4; Doc. #38-5.) On July 9, 2013, Roux filed a lawsuit against Arjun and Yogendra Jani in the Circuit Court of the

Twentieth Judicial Circuit, in and for Lee County, Florida, asserting a claim for negligent infliction of emotional distress. (Doc. #38-7.)  Specifically, Roux's state court Complaint alleges that Arjun and Yogendra Jani negligently operated or maintained the Dodge Dakota; that such negligence caused the collision and death of Phillip Baker; that Roux was "within sensory perception" of Phillip Baker at the time of the accident and his death; and that Roux had a "close personal relationship to Phillip Baker." As a direct and proximate result of Arjun and Yogendra Jani's negligence, Roux "suffered physical injuries as a result of psychological trauma, psychological trauma as a result of physical injuries, psychological injury, bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition."  (Id.)  On October 24, 2014, Roux made another demand for the policy limit of $100,000.  (Doc. #38-6.)

Plaintiff initiated this action on October 30, 2014, by filing a Complaint for Declaratory Judgment (Doc. #1) in accordance with the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  In its Amended Complaint for Declaratory Judgment, plaintiff requests that the Court enter a declaratory judgment finding: (1) that the Policy does not provide liability coverage for indemnity to Arjun

3

and Yogendra Jani with regard to Roux's claim for negligent infliction of emotional distress because Roux did not sustain "bodily injury" arising out of the ownership, maintenance, use, loading, or unloading of the insured auto; (2) that the Policy does not provide liability coverage for indemnity to Arjun and Yogendra Jani because they are not legally obligated to pay damages to Roux; (3) that the Policy does not provide liability coverage for indemnity to Arjun and Yogendra Jani because "the limit stated for each person ($100,000) for bodily injury applies to all damages arising from bodily injury sustained by one person in a single auto accident, including damages sustained by anyone else as a result of that bodily injury;" and (4) that plaintiff does not have a duty to indemnify Arjun and Yogendra Jani in the underlying lawsuit because there is no liability coverage for indemnity under the Policy. (Doc. #38, p. 10.)

**II.**

Roux first asserts that the Amended Complaint should be dismissed for lack of subject matter jurisdiction. Subject matter jurisdiction in this case is premised upon diversity of citizenship.[1] This requires complete diversity of citizenship,

---

[1] Although plaintiff seeks declaratory relief pursuant to a federal statute, it must state some independent source of jurisdiction because the Declaratory Judgment Act does not itself confer jurisdiction upon federal courts. See Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861-62 (11th Cir. 2008);

and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Roux asserts that "there is no amount in controversy" in this matter. (Doc. #39, p. 1.)

When a party seeks declaratory relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). In an action by an insurance company seeking a court's declaration that it has no duty to defend or indemnify its insured in an underlying lawsuit, a court examines the coverage limits under the insurance policy, the amount of damages sought in the underlying lawsuit, and the pecuniary value of the obligation to defend. Nationwide Mut. Fire Ins. Co. v. Pierce, No. 2:13-cv-606-FtM-29DNF, 2013 WL 4518208, at *1 (M.D. Fla. Aug. 23, 2013) (citing Clarendon Am. Ins. Co. v. Miami River Club, Inc., 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006)).

Plaintiff argues that it has met it burden because: (1) the Policy provides for bodily injury liability coverage with a policy limit of $100,000 for each person and $300,000 for each occurrence (Doc. #38-1, p. 10); (2) Roux is seeking damages for psychological trauma, pain and suffering, mental anguish, loss of enjoyment of

---

Fed. Election Comm'n v. Reform Party of the United States, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007).

5

life, hospitalization and nursing care treatment, and loss of earnings and future earnings in the underlying lawsuit (Doc. #38-7); (3) Roux has made multiple settlement demands for the full policy limit (Doc. #38-4; Doc. #38-5; Doc. #38-6); (4) claims for negligent infliction of emotional distress arising from witnessing a death are generally worth more than $75,000 (Doc. #44-1; Doc. #44-2); and (5) the cost of defending Roux's claim for negligent infliction of emotional distress though trial is likely to cost between $50,000 and $75,000 (Doc. #44-2).

After reviewing the evidence in the record, the Court finds that plaintiff has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. If Roux prevails on his claim for negligent infliction of emotional distress, plaintiff faces potential exposure of up to $300,000, and based on the types of damages alleged in the underlying complaint and demand letters, it is reasonable to infer that a jury could award more than $75,000 in damages. Furthermore, the cost of defending the underlying action could foreseeably exceed $50,000. The sum of these factors effectively satisfies the jurisdictional threshold of more than $75,000. Accordingly, Roux's motion to dismiss for lack of subject matter jurisdiction is denied.

III.

Roux asserts that the Amended Complaint for Declaratory Judgment should be dismissed to the extent plaintiff seeks a declaratory judgment as to whether Arjun and Yogendra Jani are legally obligated to pay damages to Roux because this issue is the subject of the underlying state court action.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (citing Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942)).  In declaratory judgment actions, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Id. at 288.

Under the Wilton–Brillhart Abstention Doctrine, both the Eleventh Circuit and Supreme Court have cautioned against a district court exercising its jurisdiction over a declaratory judgment action when "another suit is pending in a state court [1] presenting the same issues, [2] not governed by federal law, [3] between the same parties."  Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting Brillhart, 316 U.S. at 495).  If a suit presents these issues, the Eleventh Circuit has espoused nine factors for district courts to consider

7

when determining whether to exercise jurisdiction over such a suit.[2] Id. at 1331.

The Court need not engage in analyzing the nine Ameritas factors in deciding whether to exercise jurisdiction over this issue because plaintiff is not a party to the underlying state court action. Because the Wilton–Brillhart Abstention Doctrine does not apply, Roux's motion to dismiss is denied as to this issue. See Nat'l Trust Ins. Co. v. Burdette, 783 F. Supp. 2d 1193, 1197 (M.D. Ala. 2011).

**IV.**

Finally, Roux asserts that this action should be dismissed because plaintiff has a duty to defend and indemnify.

---

[2]These factors are "(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." Ameritas, 411 F.3d at 1331.

Specifically, Roux argues that (1) the underlying lawsuit claims damages for "bodily injury"; (2) the Policy's definition of "bodily injury" is ambiguous; (3) "bodily injury" includes mental and emotional injuries; and (4) the Policy's bodily injury liability limits have not been exhausted.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Here, Roux does not argue that plaintiff has failed to state a claim to relief that is plausible on its face. Instead, Roux argues that the Policy should be construed in his favor and that the case should be dismissed on its merits. Such arguments go beyond the adequacy of the pleading and are better suited for resolution at the summary judgment stage if the facts are undisputed. Roux motion to dismiss this case on its merits is therefore denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record