```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

      Plaintiff,

v.	Case No: 2:15-cv-56-FtM-29DNF

RICHARD ROUX, YOGENDRA JANI,
and ARJUN JANI,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Richard Roux's Motion for Summary Judgment (Doc. #58-3) filed on May 8, 2015. Plaintiff Allstate Fire and Casualty Insurance Company ("Allstate") filed a Response in Opposition (Doc. #44) on May 21, 2015 and Defendant Arjun Jani also filed a Response (Doc. #64) on August 3, 2015. Plaintiff filed a Reply to Defendant Arjun Jani's Response (Doc. #75) on September 11, 2015. For the reasons set forth below, the motion is denied.

**I.**

On or about September 1, 2010, plaintiff Allstate Fire and Casualty Insurance Company issued an automobile insurance policy covering a 2001 Dodge Dakota to Yogendra and Dawn Jani (the "Policy"). (Doc. #38, ¶ 24.) The Policy provided bodily injury liability coverage for claims arising out of the ownership or use

of the insured auto, with a policy limit of $100,000 for each person and $300,000 for each occurrence. (Id. ¶ 25.) The drivers listed on the policy were Yogendra, Dawn, and Arjun Jani. (Doc. #38-1, p. 9.)

On or about September 25, 2010, Arjun Jani was driving the Dodge Dakota east on Babcock Road in Lee County, Florida. (Doc. #38, ¶ 15.) When Arjun Jani attempted to make a left turn into a private driveway, he crossed the westbound lane and collided with a 1999 Harley Davidson motorcycle that was owned and operated by Philip Baker. (Id. ¶¶ 12, 20.) Philip Baker sustained fatal injuries as a result of the accident. (Id. ¶ 21.)

Peter Baker, Philip Baker's son, and defendant Richard Roux, Philip Baker's friend, were travelling behind Philip Baker's motorcycle and witnessed the fatal accident. (Id. ¶¶ 18-19, 22-23.) The vehicle in which Roux was travelling was not physically impacted and Roux did not sustain any bodily injury at the time of the accident. (Id. ¶ 23.)

As a result of the accident, plaintiff paid $100,000 to the estate of Philip Baker on September 28, 2010, in settlement of claims against Arjun and Yogendra Jani. (Id. ¶ 26.) Plaintiff paid another $100,000 to Peter Baker on December 13, 2010, in order to settle his claims against Arjun and Yogendra Jani. (Id. ¶ 27.) On March 18, 2013, Roux, through his attorney, demanded that plaintiff tender all available policy limits with regard to the

accident on September 25, 2010. (Doc. #38-3.) Roux made two more demands for the policy limits on July 17, 2013, and April 28, 2014. (Docs. ##38-4, 38-5.)

On July 9, 2013, Roux filed a lawsuit against Arjun and Yogendra Jani in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, asserting a claim for negligent infliction of emotional distress. (Doc. #38-7.) Specifically, Roux's state court Complaint alleges that Arjun and Yogendra Jani negligently operated or maintained the Dodge Dakota; that such negligence caused the collision and death of Philip Baker; that Roux was "within sensory perception" of Philip Baker at the time of the accident and his death; and that Roux had a "close personal relationship to Philip Baker." (Id.) As a direct and proximate result of Arjun and Yogendra Jani's negligence, Roux "suffered physical injuries as a result of psychological trauma, psychological trauma as a result of physical injuries, psychological injury, bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition." (Id.) On October 24, 2014, Roux made another demand for the policy limit of $100,000. (Doc. #38-6.)

3

Plaintiff initiated this action on October 30, 2014, by filing a Complaint for Declaratory Judgment (Doc. #1) under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  In its Amended Complaint for Declaratory Judgment (Doc. #38), plaintiff requests that the Court enter a declaratory judgment finding:

1. That the Allstate Policy does not provide liability coverage for indemnity to Defendants Arjun Jani and Yogendra Jani, with regard to the claim of negligent infliction of emotional distress . . . because Roux did not sustain "bodily injury" arising out of the ownership, maintenance or use, loading or unloading of an insured auto.

2. That the Allstate Policy does not provide liability coverage for indemnity to Defendants Arjun Jani and Yogendra Jani, with regard to the claim of negligent infliction of emotional distress filed by Defendant Roux . . . because Arjun Jani and Yogendra Jani are not legally obligated to pay damages to Defendant Roux.

3. That the Allstate Policy does not provide liability coverage for indemnity to Defendants Arjun Jani, Yogendra Jani, and Dawn Jani with regard to the claim of negligent infliction of emotional distress filed by Defendant Roux . . . because the limit stated for each person ($100,000) for bodily injury applies to all damages arising from bodily injury sustained by one person in a single auto accident, including damages sustained by anyone else as a result of that bodily injury.

4. That, as there is no liability coverage for indemnity under the Allstate Policy, the Plaintiff, Allstate, does not have a duty to indemnify Defendants Arjun Jani, and Yogendra Jani with regard to any judgment entered against them in the underlying lawsuit filed by Defendant Roux . . . .

(Doc. #38, p. 10.)

Defendant Roux now moves this Court for entry of summary judgment on the basis that (1) the definition of bodily injury in Allstate's Policy includes mental sickness and/or mental disease, (2) mental anguish and emotional distress are bodily injury under Florida law, and (3) that the "each occurrence" policy limits, as opposed to the "each person," apply to the case at hand. (Doc. #58-3.)  Defendant Arjun Jani filed a response to Roux's Amended Motion for Summary Judgment (Doc. #64) requesting time to complete discovery essential to the issues addressed in Roux's Motion for Summary Judgment and joining in Roux's Motion regarding the Policy coverage.  Allstate filed a Response to Roux's Amended Motion for Summary Judgment and a Reply to Arjun's response requesting, among other things, time to complete discovery essential to the issues addressed in the Motion for Summary Judgment. (Docs. ##63, 75.)

**II.**

Plaintiff Allstate objects to the entry of Summary Judgment at this point in the proceedings due to having an inadequate amount of time to conduct discovery into the essential issues addressed in Roux's Motion for Summary Judgment.  (Doc. #63.)  Defendant Arjun Jani also asserts that he has not had sufficient time to complete discovery germane to Roux's Motion for Summary Judgment. (Doc. #64, pp. 1-2.)

"[S]ummary Judgment may only be decided upon an adequate record."  WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).

5

The party opposing summary judgment should have the opportunity to challenge the materials submitted by the moving party by engaging in sufficient discovery. Fed. R. Civ. P. 56(d); Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988). "Where 'the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.'" Allen v. U.S. EEOC Office, 366 F. App'x 972, 974 (11th Cir. 2010) (quoting Snook, 859 F.2d at 871).

The gravamen of plaintiff's Declaratory Judgment Action is whether the Policy covers the damages that Yogendra and Arjun Jani may be liable for in the underlying state action. (See Doc. #38.) The resolution of this coverage issue is dependent upon the specifics surrounding the September 24, 2010 accident, including the type of injuries sustained by Roux as a result thereof. The parties' briefs illustrate that an essential issue is whether the injuries sustained by Roux fit within the Policy's definition of "bodily injury." (See Docs. ##58-3, 63, 64.)

Allstate asserts that it has not had an opportunity to conduct discovery into facts regarding "(1) whether Defendant Roux actually suffered 'bodily injury,' and whether such injury arose from the accident; and (2) whether Defendant Roux sustained an actual, physical impact from the accident, the type of relationship

6

he had with the decedent, Philip Baker, and whether he sustained a physical injury caused by psychological harm and resulting from the subject accident." (Doc. #63, pp. 6-7.) Specifically, Allstate identifies that it has not had the opportunity to take the deposition of Richard Roux. (Id. at 6.) Roux's deposition was noticed to take place on September 17, 2015—a date following the filing of the briefs currently before the Court. The Court is unaware as to whether or not the deposition occurred as scheduled, or if it was rescheduled to a later date. Pursuant to the Amended Case Management Plan (Doc. #73), the discovery deadline is currently set for March 25, 2016.

The Court finds that Allstate and Arjun Jani are entitled to conduct discovery relating to the issues addressed in Roux's Motion for Summary Judgment. As such, defendant Roux's Motion for Summary Judgment is denied.

Accordingly, it is now

**ORDERED:**

Defendant Richard Roux's Amended Motion for Summary Judgment (Doc. #58-3) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of November, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

7

Copies: Counsel of record

8